**David REISS, M.D., et al., Appellants,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Appellee.**

**No. 24509.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 9, 1970.

Decided Jan. 13, 1971.

**1288**

---

Mrs. Zona F. Hostetler, Washington, D. C., with whom Messrs. Ralph J. Temple and Lawrence Speiser, Washington, D. C., were on the brief, for appellants. Mr. James M. Johnstone, Washington, D. C., also entered an appearance for appellants.

Mr. Charles H. Roistacher, Asst. U. S. Atty., with whom Messrs. Thomas A.

Flannery, U. S. Atty., John A. Terry and Joseph M. Hannon, Asst. U. S. Attys., were on the brief, for appellee.

Before McGOWAN and TAMM, Circuit Judges, and GORDON,[*] U. S. District Judge for the Eastern District of Wisconsin.

PER CURIAM:

This case, before us for the second time, was described by us on that earlier occasion as being concerned with "the application of appellants to appellee for use of Health, Education and Welfare Department facilities for employee meetings on October 15, 1969." Reiss et al v. Finch, 136 U.S.App.D.C. 178, 419 F.2d 760 (1969). The complaint, filed October 9, 1969, alleged that Dr. Benjamin Spock had been denied the right to speak on the October 15th date, at the invitation and under the sponsorship of employee groups of whom appellants are members, at both the downtown facilities of HEW and at the National Institute of Health. On the day before the two appearances were scheduled to take place, we heard oral argument and took action which resulted in Dr. Spock's speaking in both places as scheduled.[1] Thereafter, on January 26, 1970, appellee moved to dismiss the complaint as no longer involving a case or controversy of the substance requisite to support jurisdiction. Over appellants' opposition, the motion was granted; and this appeal is from that action.

Within two weeks after our earlier order was entered, and in response to our adverse finding with respect to the adequacy of appellee's regulations governing the recognition of employee groups for purposes of using the departmental

---

[*] Sitting by designation pursuant to Title 28, U.S.Code Section 292(c).

1. The matter was before us on appellants' motion for summary reversal of the District Court's order denying preliminary injunctive relief. We denied the motion insofar as it related to the HEW facilities downtown because of representations to us by appellee that there was no impediment to Dr. Spock's appearing there at

any time from 12 to 2 p. m., or before or after working hours. We granted the motion as to the NIH facilities because the barrier to Dr. Spock's appearance there was the continuing assertion by appellee that the sponsoring organization was not a recognized employee group under regulations which we found to be deficient both in definitional clarity and in the procedures provided for obtaining a determination of status.

facilities, appellee, on November 1, 1969, promulgated new regulations. The Vietnam War Moratorium Committee, which had sponsored the Spock appearance at NIH in October, sought, and was granted, recognition as an employee group under the new regulations and has subsequently, on the basis of such recognition, made use of NIH facilities.

Appellants' complaint as filed in the District Court sought in general terms a permanent injunction against appellee's censoring or restricting discussion topics or the selection of speakers. Its immediate and specific concern, however, was with Dr. Spock's appearances on October 15, and in particular with the one scheduled at NIH which was being blocked by inability to obtain status as a recognized employee group under the allegedly discriminatory existing regulations.

Dr. Spock, however, made his two speeches at both HEW and NIH on October 15, 1969; and the regulations have since been revised in such manner that the groups which appellants represent have been recognized thereunder and have exerted the privileges incident to that recognition. We cannot say that, in the light of these developments, the District Court erred in concluding that this lawsuit has lost the vitality and immediacy essential to jurisdiction. *See* Davis v. Ichord, 143 U.S.App.D.C. 183, 442 F.2d 1207 (decided August 20, 1970), and Morgan v. Finch (No. 23,549, decided April 23, 1970). If there are

new and explicit instances of what appellants feel is an improper impairment by appellee of their legal rights, they are free to go to court again, and nothing in our disposition of this appeal is, or is intended to be, prejudicial to that privilege.[2]

Affirmed.

2. Appellants have pitched their argument for continuing jurisdiction in the District Court principally upon the text of an amended complaint which was attached as an exhibit to their opposition to the motion to dismiss. This draft of an amended complaint was not forthcoming until after the motion to dismiss was made, and was not even then filed as an amended complaint, although appellants appear to have been entitled to amend their original complaint as of right at that time and until dismissal. Rule 15(a), Fed.R.Civ.P. There was, therefore, no amended complaint as such before the District Court when it entered the order appealed from, and we are not technically warranted in scrutinizing its action as if there were. We have, however, examined the draft

amended complaint and are far from persuaded that it must be taken as breathing new life into the specific controversy alleged in the original complaint. It appears to be an effort to give some factual content to the general prayer of the original complaint for an injunction restraining appellee from interfering with appellants' activities in presenting speakers in HEW facilities. Most of this content is constituted of the Spock incident of October 15, 1969. Only one incident involving a failure to give a scheduled speech is referred to (March 13, 1970), but the circumstances of that are not spelled out. The allegations about distribution of literature were the subject of Morgan v. Finch, *supra.*