HUETTIG & SCHROMM, INC.,
Plaintiff,

v.

The LANDSCAPE CONTRACTORS COUNCIL OF NORTHERN CALIFORNIA; and Operating Engineers Local Union No. 3, International Union of Operating Engineers AFL–CIO, Defendants.

No. C–83–2935–WWS.

United States District Court,
N.D. California.

April 13, 1984.

**1520**

Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for plaintiff.

Joe R. McCray, Roger A. Carnagey, San Francisco, Cal., for Operating Engineers Local 3.

Berman, Cassel & Carter, San Francisco, Cal., for Landscape Contractors, etc.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

*Factual Background*

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, plaintiff Heuttig & Schromm, Inc. moves to dismiss without prejudice. Defendant Operating Engineers Local Union No. 3 ("Local 3") moves to dismiss on the merits, with prejudice, and for summary judgment. Local 3 also seeks sanctions under Rule 11 in the form of attorney's fees and costs.

In 1981, Local 3 filed unfair labor practice charges with the NLRB alleging that plaintiff had unlawfully repudiated its collective bargaining agreement. A hearing conducted before an Administrative Law Judge ("ALJ") resulted in a determination that plaintiff was bound by the collective bargaining agreement negotiated by the Landscape Contractors Council of Northern California ("Council") with Local 3. Plaintiff was ordered to cease and desist from repudiating the existence of the agreement and to provide Local 3 with certain information. On appeal, the NLRB affirmed the decision of the ALJ. On August 4, 1983, the Ninth Circuit entered a judgment enforcing the order of the NLRB.

The present action for damages was filed on June 10, 1983. The complaint alleges five purported causes of action. The first cause of action is brought pursuant to Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185) to recover damages from the Council resulting from *plaintiff's* alleged breach of a collective bargaining agreement. The remaining causes of action are state claims brought under the doctrine of pendent jurisdiction. The only claim stated against Local 3 is that it was negligent in relying on the ostensible authority of the Council to negotiate on behalf of plaintiff.

On January 6, 1984, counsel for defendant Council signed a stipulation for dismissal without prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Defendant Local 3 asserts three grounds in support of its motion to dismiss with prejudice: (1) lack of subject matter jurisdiction, (2) collateral estoppel, and (3) failure to state a claim.

*Merits of the Motion*

■ The only purported federal claim alleged is plaintiff's first cause of action for damages against the Council brought pursuant to Section 301. That section grants federal courts jurisdiction over actions alleging violations of contracts between an employer and a labor organization or between labor organizations. Although Section 301 is not to be given a narrow reading, *Smith v. Evening News Association,* 371 U.S. 195, 199, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (1962), the present action clearly falls outside the scope of the statute. Section 301 jurisdiction extends to claims concerning the validity, construction, or enforcement of collective bargaining agreements. Plaintiff's attempt so to characterize its claim is totally baseless. Plaintiff is seeking damages for its *own* breach rather than a breach by another party. Since plaintiff fails to state a substantial federal claim, this Court lacks subject matter jurisdiction. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

■ In addition, the action is plainly barred by collateral estoppel. *Paramount Transport Sys. v. Chauffeurs, etc., Local 150,* 436 F.2d 1064 (9th Cir.1971). The issues raised by this action—certainly those involving Local 3—are precluded by the Board's final order.

■ The claim against Local 3 moreover is patently without merit. It owes no duty of care to an employer to question the apparent or ostensible authority of an employers association to represent that employer in collective bargaining negotiations, and plaintiff cites no authority to support its claim. The total lack of merit of that claim is confirmed by plaintiff's reliance on *S & M Sheet Metal,* 200 NLRB 634 (1972), in which the Board found an employer not guilty of a refusal to bargain because he had successfully withdrawn from an employers association. That of course is precisely the issue which the Board decided

adversely to plaintiff in this case. For plaintiff to cite this case to the Court is indicative of counsel's lack of understanding of their obligation as officers of the court.

■ Finally, the claim against Local 3 is clearly outside this Court's jurisdiction. Plaintiff alleges that the Court has pendent jurisdiction. Even assuming that the first cause of action against the Council states a federal claim, there is no independent basis for federal jurisdiction over the state law claim against Local 3 because no diversity of citizenship exists. Local 3 is a pendent party, but pendent jurisdiction extends only to claims, not parties. The Ninth Circuit has repeatedly held that federal courts lack jurisdiction over a party absent an independent jurisdictional base as to that party, and that pendent party jurisdiction will not substitute for complete diversity or a federal question. *Safeco Ins. Co. v. Guyton,* 692 F.2d 551, 555 (9th Cir.1982); *Ayala v. United States,* 550 F.2d 1196 (9th Cir.1977).

The claim against Local 3 must therefore be dismissed.

*Sanctions*

Fed.R.Civ.P. 11 states in relevant part: The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. * * * If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the

pleading, motion, or other paper, including a reasonable attorney's fee. (Emphasis added)

On the basis of the preceding discussion, the Court finds and concludes that plaintiff's pleading was not warranted by existing law or a good faith argument for extension or modification of existing law, and that counsel could not reasonably have believed that it was. Plaintiff's memorandum in opposition to the instant motion merely confirms the validity of that finding and conclusion.

The Court is conscious of the obligations the adversary system places on attorneys. In reaching the decision whether to impose sanctions the Court has been guided by the Advisory Committee's Note which states in part:

The rule is not intended ·to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

Plaintiff's counsel's conduct in this case cannot be attributed to enthusiastic or creative advocacy of their client's cause. The fact is that counsel knew or should have known that, at least in the matter of Local 3, their client had neither a cause of action nor any claim to invoke this Court's jurisdiction. Attorneys do not serve the interests of their clients, of the profession, or of society when they assert claims or defenses grounded on nothing but tactical or strategic expediency. *See also* 28 U.S.C. § 1927.

As the quoted Note states, in arriving at a decision respecting sanctions, the Court must take into account all of the circumstances, not limited to the abstract legal issues. One of the relevant circumstances is the experience and standing of the attorneys in question. Counsel in this case are not newly admitted to the bar or engaged as general practitioners not well versed in labor law. The complaint is signed by a partner of the San Francisco firm of Littler, Mendelson, Fastiff & Tichy admitted to the bar for twelve years, and an associate of that firm seven years at the bar. Both hold themselves out as specializing in labor law. The Littler, Mendelson firm holds itself out as preeminent in labor law. Lawyers of that firm appear regularly and frequently in labor litigation in this Court. Given the claimed expertise and experience of these attorneys, a strong inference arises that their bringing of an action such as this was for an improper purpose.

Rule 11 is a response to a widely felt need to end abuse of the litigation process such as occurred here. If the Court were to tolerate this kind of conduct, the capacity of the judicial system to serve the ends of justice would soon become impaired. Sanctions must therefore be imposed by the Court but counsel should realize that the heaviest sanction they will suffer is the one they have inflicted on themselves—loss of the courts' confidence in their probity.

Counsel for Local 3 has submitted a record of lawyer's time spent on the defense of this action through February 3, 1984. The record shows that counsel devoted 22.75 hours until February 3, but does not include time devoted to the instant motion. A reasonable allowance for that time is 22.25 hours. Accordingly, attorneys fees will be awarded based on 45 hours at the regular rate of $125 per hour charged by Local 3's attorney, i.e. $5625.00.

The firm of Littler, Mendelson, Fastiff & Tichy is directed forthwith to pay to Local 3 as sanctions the amount of $5625.00. It is further directed to certify to this Court promptly (1) that no part of this sum has been or will be charged to or paid, directly or indirectly, by the firm's client in this matter, and (2) that a copy of this memo-

randum of opinion and order has been given to every partner and associate of the firm.

Judgment will be entered dismissing the complaint with prejudice as to Local 3, with costs to defendant.

IT IS SO ORDERED.