Cleveland B. SPARROW, Sr., Plaintiff,

v.

William REYNOLDS, et al., Defendants.

Civ. A. No. 85–3822.

United States District Court,
District of Columbia.

Oct. 16, 1986.

Cleveland B. Sparrow, Sr., pro se.

U.S. Atty. Joseph E. diGenova, Asst. U.S. Atty. Royce C. Lamberth and Asst. U.S. Atty. Robert E.L. Eaton, Jr., for defendants.

CHARLES R. RICHEY, District Judge.

The parties have several motions before this Court. Defendant has moved to dismiss the complaint, for sanctions against plaintiff, and for a protective order. Plaintiff has moved for summary judgment, to join a variety of additional defendants, and to strike all pleadings filed by Robert Eaton, Assistant United States Attorney and counsel to defendants in this case. In addition, the Court has before it the report and recommendation of the United States Magistrate, who took testimony on the Court's subject matter jurisdiction over this action.

The Court will deny plaintiff's motions for summary judgment and will also deny plaintiff's motion to strike the Eaton pleadings. The Court will accept the Magistrate's recommendation in part but will grant defendants' motion to dismiss this complaint. The Court will dismiss plaintiff's motion to join new defendants as moot. The Court will also grant defendants' motion for sanctions and accordingly will enter an order to prevent plaintiff from filing further meritless suits in federal court. Under the terms of that order, plaintiff will have to show just cause and obtain prior approval to file a complaint

from a judge who first shall have been made familiar with plaintiff's past history of litigation in this Court.

## BACKGROUND

On February 25, 1977, the Department of the Navy terminated plaintiff's employment as a Computer Systems Analyst, GS–9. *Sparrow v. Weinberger*, Civil Action No. 83–2219, 1 (D.D.C.1984) (memorandum opinion). Before the effective date of that termination, plaintiff filed a formal complaint of discrimination with the Department of the Navy. Those allegations were initially rejected. The Office of Review and Appeals of the Equal Employment Opportunity Commission discovered procedural flaws in the processing of plaintiff's complaint and ordered him reinstated while the merits of his complaint were investigated. *Id.* at 2.

In November, 1982, plaintiff and the Department of the Navy settled plaintiff's discrimination claim for, inter alia, $92,300. *Defendants' Motion to Dismiss*, Exhibit 2 (*Settlement Agreement and Release*, Nov. 26, 1982). Under the terms of that settlement, plaintiff agreed to withdraw his allegations of discrimination and reprisal. He further agreed "not to institute any action or proceeding in the future based upon allegations of discrimination and/or reprisal arising out of his employment with the Navy ...". *Id.*

Plaintiff alleges in the instant case that he has reapplied for employment in the Department of the Navy. The thrust of plaintiff's complaint is that defendants are not processing his applications for employment because of race discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.* Plaintiff also claims that the Department of the Navy has violated the 1982 Settlement Agreement.

Before the Court turns to the pending motions, it must determine whether plaintiff properly exhausted his administrative remedies. If not, the Court lacks subject matter jurisdiction over this action and may not consider plaintiff's claims. *Brown v. General Services Administration*, 425

U.S. 820, 832–35, 96 S.Ct. 1961, 1967–69, 48 L.Ed.2d 402 (1976).

## THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S ACTION.

On December 20, 1985, this Court referred this action to the United States Magistrate, pursuant to then-Local Rule 3–8, to determine, *inter alia*, whether plaintiff had received a right-to-sue letter and whether such a letter was necessary for this plaintiff to bring suit. On February 19, 1986, Magistrate Patrick J. Attridge found that plaintiff's complaint could properly be characterized as charging a violation of the 1982 settlement agreement. The Magistrate also found that plaintiff brought this suit more than 180 days after lodging a complaint to which the EEOC never responded. Under either theory, the Magistrate found that this Court had subject matter jurisdiction to hear this suit. *Magistrate's Report and Recommendations* 4.

■ Defendants argue that the Magistrate's Report does not employ the legal standard that governs federal employee allegations of Title VII violations. If plaintiff's complaint solely alleged discrimination, defendants would be correct. The regulations governing Title VII mandate that federal employees lodge a discrimination complaint with an agency Equal Employment Opportunity officer within thirty days of the allegedly discriminatory conduct. If not, the complainant may not be heard by any court. 29 C.F.R. § 1613.-213(a) (1984); *Brown v. General Services Administration*, 425 U.S. 820, 825, 832, 96 S.Ct. 1961, 1964, 1967, 48 L.Ed.2d 402 (1976) (administrative filing precondition to suit).

■ Because the record contains no evidence that plaintiff sought administrative remedy, this Court cannot accept the Magistrate's finding that plaintiff has complied with the regulations. This, however, is not fatal to plaintiff's case. A *pro se* litigant, even one as experienced as plaintiff, is entitled to have his complaint construed

most liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652. While plaintiff concentrates on alleged acts of discrimination, he notes that the Navy has breached the 1982 Settlement Agreement. As such, the Court agrees with the United States Magistrate that plaintiff may be asserting that defendants have breached the 1982 settlement agreement. Such a reading sustains the Court's jurisdiction over this action. *See, e.g., American Security Vanlines, Inc. v. Gallagher*, 782 F.2d 1056, 1060 (D.C.Cir. 1986) (*per curiam* ) (*quoting American Security Vanlines, Inc. v. Gallagher*, No. 83–0074, Gasch, J.).

Thus, under the liberal standard that governs *pro se* complaints, this Court finds that it has jurisdiction over plaintiff's suit.

## PLAINTIFF'S MOTION TO STRIKE PLEADINGS FILED BY ASSISTANT UNITED STATES ATTORNEY EATON IS GROUNDLESS AND MUST BE DENIED.

■ Plaintiff has charged Robert Eaton, Assistant United States Attorney and counsel for defendants in this case, with conflict of interest and obstruction of justice and has moved to strike all pleadings filed by attorney Eaton from the record in this case. The Court will deny plaintiff's motion.

Plaintiff's charges are among the most serious an attorney can face. They can gravely injure an attorney in his profession and should be levelled only after the most searching examination of an attorney's conduct. The ethical rules of the legal profession prohibit conflicts of interest in the strictest terms. District of Columbia Bar, *Code of Professional Responsibility* Canons 1, 5; DR 1–101; 5–101–107 (1984). Obstruction of justice not only violates ethical mandates, it is a federal crime. 18 U.S.C. § 1501 *et seq.* (1984); *Code of Professional Responsibility* at Canon 9; DR 9–101.

The Court finds that plaintiff's charges are patently false and frivolous. At base, plaintiff claims that attorney Eaton acted improperly by disputing plaintiff's numerous claims and suggesting that plaintiff should not recover in this action. Mr. Eaton is guilty of neither obstruction of justice nor conflicts of interest but simply of defending his client. Indeed, Mr. Eaton's behavior throughout this case has been that of a responsible, even a model, advocate. Finding no basis on which to grant plaintiff's motion, the Court will deny it.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED.

■ Plaintiff has moved for summary judgment, apparently claiming that no material facts are outstanding and that the law mandates judgment in his favor. The Court finds no basis for granting plaintiff's motion. The record is replete with contested facts. Moreover, plaintiff has not submitted the statement of uncontested material facts required in all summary judgment motions by Local Rule 108(h). Consequently, plaintiff's motion must be denied.

## PLAINTIFF'S SUIT IS RES JUDICATA.

■ Defendants have moved to dismiss this suit under Fed.R.Civ.P. 12(b)(6). The Court will grant that motion.

Plaintiff and his claims are intimately known to this Court. He first brought suit in 1975, alleging discrimination by the Navy in promotional practices. After a full trial on the merits, judgment was entered for defendants. *Sparrow v. Middendorf*, Civil Action No. 75–685 (D.D.C.1977), *appeal dismissed*, No. 80–1188 (D.C.Cir.1980). Plaintiff nonetheless continued to litigate the very same issues. Since 1975, he has filed eighteen complaints in federal courts. Every complaint claims that Navy and other federal officials have conspired to deprive plaintiff of employment and other rights, and every one of those complaints has been dismissed.[1]

---

1. The disposition of plaintiff's seventeen previous complaints before the District Court of the

District of Columbia was as follows:

The complaint at issue here differs in no material respect from those filed in the earlier-dismissed actions. The facts herein alleged are particularly similar to those raised in *Sparrow v. Weinberger*, Civil Action No. 83–2219. In that action, plaintiff asserted that the Department of the Navy had engaged in a tortious conspiracy to interfere with plaintiff's civil rights and deny him employment. Plaintiff also alleged that the Department of the Navy had breached the 1982 Settlement Agreement. On March 27, 1984, Judge Joyce Hens Green of this Court dismissed plaintiff's complaint as groundless. Civil Action No. 83–2219 (unpublished opinion).

Plaintiff thereupon brought a new action, identical, save for selected verbal twists and addition of at least one new defendant, to that dismissed by Judge Green. On April 10, 1985, Judge John Garrett Penn of this Court dismissed plaintiff's complaint as *res judicata*. *Sparrow v. Devine, et al.*, Civil Action 84–3364.

Principles of *res judicata* govern the instant case as well. That doctrine prevents relitigation when "the same issue arises in one case and has been decided in another." C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure:* Jurisdiction § 4407 (1981); *see, Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *Page v. United States*, 729 F.2d 818, 820 (D.C.Cir.1984).

*Sparrow v. Middendorf*, Civil Action No. 76–2295, *dismissed* (D.D.C. 6/23/77), appeal dismissed, No. 80–1188 (D.C.Cir. 1/23/80)
*Sparrow v. Arnold*, No. 77–224, *dismissed* (D.D.C. 3/30/77), *reh'g. denied*, 10/25/77
*Sparrow v. Forsyth*, No. 77–225, *dismissed* (D.D.C. 3/30/77), *reh'g. denied*, 10/25/77
*Sparrow v. Eckert*, No. 77–226, *dismissed* (D.D.C. 5/13/77), *reh'g. denied*, 10/25/77
*Sparrow v. Ahern*, No. 77–412, *dismissed* (D.D.C. 5/11/77), *reh'g. denied*, 10/26/77
*Sparrow v. Singleton*, No. 77–413, *dismissed* (D.D.C. 5/11/77), *reh'g. denied*, 10/26/77
*Sparrow v. Staton*, No. 77–414, *dismissed* (D.D.C. 5/11/77), *reh'g. denied*, 10/26/77
*Sparrow v. McCafferty*, No. 77–415, *dismissed* (D.D.C. 5/16/77), *reh'g. denied*, 10/26/77
*Sparrow v. Buckler*, No. 77–416, *dismissed* (D.D.C. 5/11/77), *reh'g. denied*, 10/26/77
*Sparrow v. Wynn*, No. 77–417, *dismissed* (D.D.C. 5/11/77), *reh'g. denied*, 10/26/77

The Court knows no more fitting description of plaintiff's complaint. Plaintiff's claims in the instant suit arise out of the same nucleus of operative fact as the claims rejected in *Sparrow v. Weinberger*, *Sparrow v. Devine*, and, indeed, the plethora of plaintiff's suits that this Court has dismissed without opinion. As such, the doctrine of *res judicata* bars plaintiff's attempt to resurrect his unsuccessful claims.

## PLAINTIFF'S MOTION TO ADD DEFENDANTS IS MOOT AND MUST BE DISMISSED.

█ Plaintiff has moved to add as defendants Assistant United States Attorney Robert Eaton, Department of the Navy Personnel Staffing Specialist Rhonda M. Ford, and Navy Personnel Officer John LaRaia. Today's dismissal of plaintiff's case renders this motion moot, and the Court must dismiss it.

## PLAINTIFF'S HISTORY OF VEXATIOUS LITIGATION WARRANTS IMPOSITION OF SANCTIONS.

Defendants have moved for Rule 11 sanctions against plaintiff, including an injunction limiting plaintiff's future access to federal courts. The Court finds that restricting plaintiff's unfettered access to the federal courts, which the Court considers only after the most careful regard for a litigant's fundamental right to judicial re-

*Sparrow v. Brown*, No. 77–788, *dismissed* (D.D.C. 8/9/78), *reh'g. denied*, 10/4/78
*Sparrow v. Government Employees Insurance Co.*, No. 77–1116, *dismissed* (D.D.C. 3/3/78), *appeal dismissed*, No. 78–1413 (D.C.Cir. 7/20/78)
*Sparrow v. Claytor*, No. 78–2350, *dismissed* (D.D.C. 1/3/79), *reh'g. denied*, 1/15/79
*Sparrow v. Lehman*, No. 82–2479, *dismissed* (D.D.C. 11/9/82), *reh'g. denied*, 11/18/82
*Sparrow v. Weinberger*, No. 82–3227, *dismissed* (D.D.C. 7/29/82), *motion to vacate denied*, 7/6/84
*Sparrow v. Weinberger*, No. 83–2219, *dismissed* (D.D.C. 3/27/84), *appeal dismissed*, No. 84–5387 (D.C.Cir. 4/26/85)
*Sparrow v. Devine*, No. 84–3364, *dismissed* (D.D.C. 4/10/85); *appeal dismissed*, No. 85–5688 (D.C.Cir. 8/6/85)

dress of legitimate grievances, is the necessary and proper remedy against plaintiff's unabashed abuse of the judicial process.

Rule 11 of the Federal Rules of Civil Procedure provides:

The signature of an attorney or party [on a pleading, motion or paper] constitutes a certificate by him that he has read the pleading, motion, or paper, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, *and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....* If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction ... (emphasis added)

 If a pleading violates this Rule, the Court is *required* to impose sanctions. *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174–75 (D.C.Cir.1985). This obligation applies whether plaintiff is represented by counsel or, as here, brings his action *pro se. DeNardo v. Murphy,* 781 F.2d 1345 (9th Cir.1986) (sanctions imposed on *pro se* plaintiff); *McLaughlin v. Bradlee,* 602 F.Supp. 1412 (D.D.C.1985) (same). When sanctions are warranted, the Court may mandate payment of reasonable attorney's fees or such other penalties as the Court deems appropriate. Advisory Committee on Rules, *Notes to 1983 Amendment of Rule 11, reprinted in* 1986 Federal Civil Judicial Procedure and Rules 34–35.

Plaintiff's continual attempts to relitigate his unsuccessful claims are highly disruptive. Plaintiff may believe that a new judge will overlook the readily apparent similarity of each new complaint to its predecessors. Alternatively, he may think that a judge will ignore the unanimous dismissals that have greeted plaintiff's actions and reject the sound notions on which those dismissals were based. Either theo-

ry would be incorrect. Instead, plaintiff's litigiousness forces the conclusion that he resorts to legal process regardless of the legitimacy of his claims and hoping that federal officials will yield to his demands out of sheer exhaustion.

That plaintiff cannot escape rebuke has been made clear to him. In a case dismissed over a year ago, Judge Penn of this Court informed plaintiff that his action was "frivolous" and that defendants "... made out a strong case for an order restricting plaintiff's future access to this court." *Sparrow v. Devine,* at 7. *Only* because plaintiff's appeals were then pending before the United States Court of Appeals for the District of Columbia Circuit did Judge Penn stay his hand and deny the request for sanctions. *Id.* at 8. In its summary dismissals of those appeals, the Court of Appeals admonished plaintiff that any further attempt to litigate his meritless claims could result in sanctions. *Sparrow v. Devine,* No. 85–5688 (*per curiam*) (unpublished opinion).

Plaintiff can no longer escape penalty for wasting resources that could have been devoted to rendering justice. In view of plaintiff's continued refusal to accept the judgment of the Court and his decision to file the instant complaint, the case for limiting plaintiff's access to this court is even stronger than a year ago. He has ignored strongly worded warnings too often to satisfy this Court that he will respect yet another.

 Access to the courts is a fundamental tenet of our judicial system, and litigiousness alone is no reason to enjoin future litigation. *DeNardo v. Murphy,* 781 F.2d at 1348; *In re Oliver,* 682 F.2d 443, 446 (3rd Cir.1982). But "a continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court." *Id.; In re Green,* 669 F.2d 779 (D.C.Cir.1981). After filing eighteen complaints alleging the same groundless cause of action, plaintiff has passed that point. *See, e.g., In re Martin-Trigona,* 737 F.2d 1254, 1262 (2d

Cir.1984) (all that is required to support injunction limiting access to federal courts is history of vexatious litigation); *Meredith v. John Deere Plow Co.*, 261 F.2d 121, 122 (four repetitious complaints justified injunction); *McLaughlin*, 602 F.Supp. at 1419–20 (four frivolous post-judgment motions justified injunction).

■ The Court notes that plaintiff, usually so zealous in asserting his rights, has not objected to this motion. He has neither contested the reasonableness of the injunction sought nor asked for a hearing at which to contest the propriety of an injunction in this case. Whatever his reason, plaintiff has waived any due process objections he might have raised to defendants' motion. *See, Miranda v. Southern Pacific Transportation Corp.*, 710 F.2d 516, 522 (9th Cir.1983) (failure to request hearing on sanctions waives any due process right to hearing); Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 197–99 (1985) (hearing not a due process requirement when party notified that Rule 11 sanctions would be sought).

■ Due process forbids, and this Court does not contemplate, altogether barring plaintiff from the federal courts. *See In re Green*, 669 F.2d at 787 n. 21. Instead, the Court today orders that plaintiff seek judicial permission before filing any new civil action with this Court. In seeking leave of the Court, plaintiff must certify that he raises claims that he has never before raised and that no federal court has decided on the merits. If plaintiff fails to so certify, or should he falsely so certify, he may be found in contempt of court and punished accordingly.

In sum, this Court believes that every litigant deserves his day in court. But it also believes that plaintiff has abused that fundamental guarantee. To allow plaintiff unfettered access to the judicial system would no longer be consonant with the principles of justice. As such, the Court will grant defendants' motion for imposition of sanctions against plaintiff Cleveland Sparrow.

## CONCLUSION

The Court finds that plaintiff's complaint is *res judicata* and that plaintiff's history of vexatious litigation warrants limiting plaintiff's access to the federal courts. The Court finds no basis for striking pleadings filed by attorney Robert Eaton. Accordingly, in an Order of even date herewith, the Court will grant defendants' motion to dismiss the instant case and defendants' motion for imposing sanctions against plaintiff. The Court will deny plaintiff's motions to strike the Eaton pleadings and for summary judgment. The Court will also dismiss plaintiff's motion to join new defendants as moot.

## ORDER

In accordance with the Opinion issued in the above-captioned case of even date herewith, and for the reasons set forth therein, it is, by the Court, this 16 day of September, 1986,

ORDERED that the recommendations of United States Magistrate Patrick Attridge, issued in this case on the 19th of February, 1986, shall be and hereby are adopted; and it is

FURTHER ORDERED that plaintiff's motion for summary judgment shall be and hereby is denied; and it is

FURTHER ORDERED that plaintiff's motion to strike all pleadings filed by Assistant United States Attorney Robert Eaton shall be and hereby is denied; and it is

FURTHER ORDERED that defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action on which this Court may grant relief shall be and hereby is granted; and it is

FURTHER ORDERED that plaintiff's motion to add as additional defendants to the above-captioned action Robert Eaton, Rhonda M. Ford, and John LaRaia shall be and hereby is dismissed as moot; and it is

FURTHER ORDERED that plaintiff shall seek leave of this Court before filing any new civil action; that he shall certify

that any such complaint raises new matters never before decided on the merits by any federal court; and that he so certifies truthfully on pain of penalty of contempt of this Court.