**In re AIRPORT CAR RENTAL ANTITRUST LITIGATION.**

**TRANS RENT–A–CAR, INC., Plaintiff-Appellant,**

v.

**The HERTZ CORPORATION, et al., Defendants-Appellees.**

**No. 84–1778.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 1985.

Withdrawn from Submission Feb. 28, 1985.

Resubmitted May 3, 1985.

Decided Oct. 7, 1985.

Beezer, Circuit Judge, dissented and filed an opinion.

Francis O. Scarpulla, Stephen V. Scarpulla, Scarpulla & Scarpulla, San Francisco, Cal., for plaintiff-appellant.

Jerome J. Shestack, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Daniel R. Shulman, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., for defendants-appellees.

Before CHOY, FARRIS, and BEEZER, Circuit Judges.

## ORDER

The opinion and dissent filed July 22, 1985, are withdrawn and the attached opinion and dissent are ordered filed.

FARRIS, Circuit Judge:

## BACKGROUND

Trans Rent-A-Car, Inc. brought this antitrust action against Hertz Corp., Avis Rent-A-Car System, Inc., and National Car Rental System, Inc., alleging that the defendants had conspired to monopolize and to exclude Trans from the "on-airport car rental market" in violation of sections one and two of the Sherman Act, 15 U.S.C. §§ 1 and 2. Trans' action was consolidated with ten similar actions into a single multidistrict litigation. Avis settled with all of the plaintiffs in the consolidated cases. Subsequently, we affirmed a summary judgment in favor of Hertz and National in one of the consolidated cases, ruling that the plaintiff (Budget Rent-A-Car of Washington-Oregon, Inc.) had presented only evidence of conduct that was exempt from the antitrust laws under the *Noerr-Pennington*[1] doctrine. *In Re Airport Car Rental Antitrust Litigation,* 693 F.2d 84 (9th Cir.1982) *("Budget"), cert. denied,* 462 U.S. 1133, 103 S.Ct. 3114, 77 L.Ed.2d 1368 (1983). Hertz and National filed a motion for summary judgment in the remaining cases. With the exception of Trans, all of the remaining plaintiffs settled with Hertz and National. The district court granted the defendants' motion for summary judgment in the *Trans* case. We have jurisdiction over Trans' appeal pursuant to 28 U.S.C. § 1291.

Trans alleges that as part of a nationwide conspiracy to monopolize the "on-airport car rental market," the defendants prevented Trans from obtaining on-airport car rental concessions at a number of airports in the western United States. Trans contends that the defendants excluded it from those airports through conduct that is not protected by the *Noerr-Pennington* doctrine: bribing airport officials, making bad-faith misrepresentations to them, fixing prices and submitting them to airport authorities for summary approval, and de-

---

1. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers* *of America v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 13 L.Ed.2d 626 (1965).

nying Trans access to the decision-making process of airport authorities. *Cf. Budget,* 693 F.2d at 85–86 n. 1 (plaintiff's allegations of such conduct, which *"Noerr-Pennington* might not protect," were insufficient to prevent entry of summary judgment in favor of defendants because plaintiff "presented no evidence to support [its] allegations").

The parties took extensive discovery in the consolidated actions. After Trans filed suit in February, 1979, more than 150 witnesses were deposed, including public officials and employees and ex-employees of the defendants. The defendants objected to and never answered the interrogatories filed by Trans on October 7, 1980. However, Trans never moved either to compel answers to its interrogatories or for the imposition of discovery sanctions against the defendants.

After the plaintiff indicated its intention to appeal the district court's grant of summary judgment in the *Budget* case, the court stayed the proceedings in the remaining consolidated cases. We denied Trans' petition for a writ of mandamus compelling the court to lift the stay. After we decided the *Budget* case, Trans informally requested the district court to lift the stay to allow it to complete discovery on the issues raised in the instant appeal. The court responded in a letter dated December 1, 1982 that it opposed a general lifting of the stay because of the possibility of Supreme Court review of our decision in *Budget.* The court indicated, however, that it would consider particularized discovery requests, such as a request to depose a particular individual, if they were supported by a showing of the basis for believing that the discovery would produce material evidence and the reasons why delay would result in prejudice. Trans then formally moved for an order vacating the stay. The court denied the motion on February 3, 1983 because the plaintiff in *Budget* still had the opportunity to petition the Supreme Court for a writ of certiorari and because Trans had not submitted any particularized dis-

covery requests in accordance with the court's December 1 letter.

At a status conference held on October 7, 1983, the district court extensively addressed the issue of discovery. In an effort to limit discovery to the issues presented in the defendants' motions for summary judgment, the court instructed counsel for the plaintiffs to 1) address the merits of the motions on the facts presented by the defendants, and 2) identify issues that required additional discovery, identify the evidence the party expected to produce, and prepare an appropriate discovery program. Trans failed to make a particularized request for additional discovery before the court granted the defendants' motion for summary judgment on March 16, 1984.

## STANDARDS OF REVIEW

"The granting of a summary judgment is reviewable de novo." *Haluapo v. Akashi Kaiun, K.K.,* 748 F.2d 1363, 1364 (9th Cir. 1984). "In reviewing a grant of summary judgment, our task is identical to that of the district court. The district court's grant of summary judgment will be affirmed if, viewing the evidence and the inferences therefrom in the light most favorable to the party opposing the motion for summary judgment, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *RFD Publications, Inc. v. Oregonian Publishing Co.,* 749 F.2d 1327, 1328 (9th Cir.1984). "[S]ummary judgment may be appropriate in antitrust actions when there is no 'significant probative evidence tending to support the complaint.'" *Robert's Waikiki U–Drive, Inc. v. Budget Rent-A-Car Systems, Inc.,* 732 F.2d 1403, 1406 (9th Cir.1984) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)).

A district court's "decision to allow or deny discovery is reviewable only for abuse of discretion." *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir.1984).

## I. *Noerr-Pennington* Doctrine

■ Trans' case suffers from the same defect that was fatal to the plaintiff's case in *Budget:* Trans has presented no relevant evidence to support its allegations that the defendants prevented it from obtaining concessions at airports by fixing prices, bribing and making misrepresentations to airport officials, or denying Trans access to decision-making authorities. As in *Budget,* we therefore need not reach the question of whether or not the conduct alleged by Trans is protected from antitrust scrutiny by the *Noerr-Pennington* doctrine.

### A. *Price Fixing; Misrepresentations; Bribery and Coercion*

Trans cites five depositions of former employees of the defendants and the transcript of the testimony of one of those five ex-employees before the Federal Trade Commission in support of its allegations of price fixing, misrepresentations, and bribery and coercion. To the extent that the depositions of Tom Aiston, W. Paul Ayres, and Fred Bailey and the transcript of Bailey's testimony before the FTC relate to airports from which Trans alleges it was illegally excluded, they concern causes of action that are time-barred. Aiston and Ayres last worked for Hertz in the western United States in 1969 and 1966, respectively. Bailey last worked for National in 1970. Trans filed its complaint on February 14, 1979. Causes of action accruing to Trans before February 14, 1975 are barred by the statute of limitations. 15 U.S.C. § 15b; *Program Engineering, Inc. v. Triangle Publications, Inc.,* 634 F.2d 1188, 1194 (9th Cir. 1980). "A cause of action accrues each time a plaintiff is injured by an act of the defendants." *Id.* Aiston, Ayres, and Bailey had no first-hand knowledge of acts of the defendants relating to the airports in question that took place within the limitation period. Trans' conclusory allegations of fraudulent concealment of the alleged

antitrust violations are insufficient to avoid the bar of limitation. *See Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248, 250 (9th Cir.1978).

Similarly, the two depositions which supposedly substantiate Trans' allegations of "bad faith misrepresentations" to airport officials refer only to events which occurred prior to the actionable limitation period. George Akoboff, an employee of a National licensee, testified only about actions in 1969. Gene Nelson testified only about actions which occurred before he left his position with a National licensee in 1973. These depositions do not demonstrate first-hand knowledge of acts within the applicable limitation period.

### B. *Foreclosure of Access to Airport Officials*

The only deposition that was before the district court when it entered judgment that relates to actions of the defendants at a relevant airport within the limitation period is that of Trans' Chief Executive Officer, Seymour Furman. Trans cites Furman's deposition in support of its allegation that the defendants prevented Trans from gaining access to the decision-making process at various airports, thereby placing Trans at a disadvantage in competing for on-airport concessions.

Furman's deposition contains absolutely no evidence that the defendants did anything to prevent Trans from meeting with, submitting concession bids to, or otherwise contacting airport authorities. Trans complains that Hertz, Avis, and National met privately with airport officials in Phoenix to advocate limiting the number of on-airport concessions to four. In *Budget,* we explicitly held that such advocacy was protected by the *Noerr-Pennington* doctrine. 693 F.2d at 85, 87. Furman's deposition reveals not that Trans was prevented from presenting its case to Phoenix airport authorities but rather that Trans realized the need to do so only after its competitors had engaged in legitimate lobbying activity and

the governing body had decided to award only four on-airport concessions. Nothing in Furman's deposition or in any other portion of the record suggests that the defendants were responsible for Trans' alleged failure to receive a bid package from the Port of Portland for a concession at the Portland International Airport.

## II. *Discovery*

■ The district court's decision at the October 7, 1983 status conference to keep its stay of discovery proceedings in effect and to permit further discovery only upon a particularized showing of both need and the evidence likely to be produced was a reasonable limitation that properly reflected both the extensive amount of discovery that had taken place and the possibility that the plaintiffs would need additional discovery in response to our decision in *Budget.* The court clearly and repeatedly informed counsel for the plaintiffs that to obtain court approval for additional discovery, they would have to identify the issues upon which they desired further discovery, identify the evidence they expected to produce, and propose a discovery program. Trans' counsel raised no objection to this proposed procedure. Trans' formal motion to lift the stay did not comply with the procedure outlined at the status conference. The district court's refusal to grant Trans further discovery in these circumstances was not an abuse of discretion.

AFFIRMED.

BEEZER, Circuit Judge, dissenting:

I respectfully dissent. On the basis of the record before us, I cannot conclude that the defendants satisfied the requirements for the granting of a summary judgment set forth in Federal Rule of Civil Procedure 56.

Rule 56(c) states that a summary judgment shall be rendered forthwith if the evidence in the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The burden rests upon the moving party to show the *absence* of a genuine issue of material fact, rather than upon the nonmoving party to show the *existence* of such an issue. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *International Union of Bricklayers v. Martin Jaska, Inc.,* 752 F.2d 1401, 1405 (9th Cir.1985); Fed.R.Civ.P. 56(e). The nonmoving party has no duty to produce evidence unless the moving party has met its burden. *Lew v. Kona Hospital,* 754 F.2d 1420, 1423 (9th Cir.1985). In antitrust actions, the burden on the moving party is especially great. *See Poller v. CBS, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1050 (9th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 156, 78 L.Ed.2d 144 (1983).

Applying those standards, it is apparent that the defendants have not established the absence of a genuine issue of material fact. Accordingly, I would reverse the granting of the summary judgment and remand for a trial on the merits regardless of whether the plaintiff has produced evidence in support of its allegations.