Daniel R. DeNARDO,
Plaintiff-Appellant,

v.

**Patrick MURPHY, Alaska Public Employees Association, State of Alaska, Defendants-Appellees.**

Nos. 85–3745, 85–3773.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1985.

Decided Jan. 30, 1986.

Daniel De Nardo, pro se.

Marc June, Birch, Horton & Bittner, Anchorage, Alaska, for defendants-appellees.

Before WRIGHT and REINHARDT, Circuit Judges, and STRAND, District Judge.*

EUGENE A. WRIGHT, Circuit Judge.

De Nardo brought this pro se civil rights action four years after being fired from his job with the State of Alaska and after judgment against him on an identical complaint entered in state court. After filing this federal action but before judgment, De Nardo brought a third action, returning again to state court.

The district court granted summary judgment for the defendants on res judicata grounds. We do not reach the res judicata question, but we affirm the court's judgment because the statute of limitation has run. We also hold that the district court did not abuse its discretion in issuing an injunction barring De Nardo from relitigating his claim.

BACKGROUND

In April 1978, De Nardo was discharged by the state for not paying union dues. He filed unfair labor charges with the Alaska Labor Relations Agency, which rendered a decision against him. He did not appeal that decision.

More than a year later, he brought suit in Alaska Superior Court against Patrick Murphy, the Alaska Public Employees Association, and the State of Alaska.

In September 1980, the state court granted the defendants' summary judgment motion. Both the Alaska and United States Supreme Courts denied review.

In June 1982, over four years after his discharge, De Nardo brought this action in federal district court. The complaint and the defendants were the same as those before the superior court.

In April 1984, before the district court had rendered a decision, De Nardo brought a third claim, based on his discharge, against the same three defendants. That action was filed in Alaska Superior Court.

The district court granted final judgment against De Nardo on his federal claims, permanently enjoining him from commencing, without the court's permission, any lawsuit connected with his discharge.

De Nardo filed two timely appeals from the district court's judgment. They were consolidated and are now before us.

ANALYSIS

I. *Standard of Review*

Because all of the issues here are legal, we review the district court's summary

---

* Of the District of Arizona.

judgment *de novo. See In re Airport Car Rental Antitrust Litigation,* 766 F.2d 1292, 1294 (9th Cir.1985). We may affirm on any basis in the record. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985).

Summary judgments granting permanent injunctions are reviewed for abuse of discretion and for application of erroneous legal principles. *See S.E.C. v. Goldfield Deep Mines Co.,* 758 F.2d 459, 465 (9th Cir.1985).

## II. *Statute of Limitation*

■ The Supreme Court held recently that a state's statute of limitation for personal injury actions applies to civil rights actions under 42 U.S.C. § 1983. *Wilson v. Garcia,* — U.S. ——, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). Under Alaska's personal injury statute of limitation, De Nardo would have had two years in which to file his complaint. Alaska Stat. § 09.10.070;[1] *Blake v. Gilbert,* 702 P.2d 631, 639 (Alaska 1985). Since *Wilson* was decided after De Nardo filed this action in the district court, we would usually have to decide whether to apply it retroactively.[2] *See Rivera v. Green,* 775 F.2d 1381, 1383 (9th Cir.1985). Because the result is the same whether or not we apply *Wilson,* we need not reach the retroactivity question.

Prior to *Wilson,* federal courts borrowed state statutes of limitation in Section 1983 actions. *See Stephan v. Dowdle,* 733 F.2d 642 (9th Cir.1984) (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 483–85, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980) ). In determining which state statute to apply to Section 1983 claims, courts would characterize the claims. *Lai v. Honolulu,* 749 F.2d 588, 589 (9th Cir.1984). "Since *Smith v. Cremins,* 308 F.2d 187, 189 (9th Cir. 1962), this circuit has characterized claims under section 1983 as actions on a liability created by statute and, wherever possible, the state limitations governing actions founded on a liability created by statute has been applied." *Id.* (citing *Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir.1981) ).

Thus, although no published opinion decided which statute of limitation would be applied in a civil rights action arising in Alaska, this circuit would have applied the Alaska statute referring to actions founded on "a liability created by statute," Alaska Stat. § 09.10.070,[3] which allows litigants two years to file their complaints.

The statute of limitation that applies to De Nardo's claim is two years whether or not we apply *Wilson* retroactively. Since De Nardo's claim arose from his termination in April 1978 and he did not file this action until June 1982, we find that his claim is barred by the statute of limitation.[4]

1. Section 09.10.070 provides in relevant part: No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; ... or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

2. Although the Supreme Court in *Wilson* did not specify whether its holding would apply retroactively, every circuit that has considered the issue since *Wilson* was decided has applied the holding retroactively. *See, e.g., Mulligan v. Hazard,* 777 F.2d 340, 343–44 (6th Cir.1985); *Rivera v. Green,* 775 F.2d 1381, 1383–84 (9th Cir.1985); *Wycoff v. Menke,* 773 F.2d 983, 986–87 (8th Cir.1985); *Gates v. Spinks,* 771 F.2d 916, 917–19 (5th Cir.1985) (applying *Wilson* retroactively without discussion of retroactivity); *Fitzgerald v. Larson,* 769 F.2d 160, 162–64 (3d Cir.1985)

(on remand from Supreme Court in light of *Wilson*); *Smith v. Pittsburgh,* 764 F.2d 188, 194–95 (3d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *Jones v. Preuit & Mauldin,* 763 F.2d 1250, 1253 n. 2 (11th Cir. 1985) (parties did not argue that *Wilson* should only be applied prospectively). *But see Jackson v. Bloomfield,* 731 F.2d 652, 653–55 (10th Cir. 1984) (en banc) (decided the same day as *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984), *aff'd,* — U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and declining to apply *Garcia* retroactively).

3. This statute is the one we would apply under *Wilson* and is quoted in footnote 1, *supra.*

4. Unless state law requires the contrary, the pendency of De Nardo's state action did not toll the statute of limitation for his federal action. *See Board of Regents v. Tomanio,* 446 U.S. 478, 486–92, 100 S.Ct. 1790, 1796–99, 64 L.Ed.2d 440

### III. *Injunction Barring Relitigation*

De Nardo argues that his First Amendment rights are violated by the district court's injunction, barring him "from commencing any lawsuit or other legal proceedings against the State of Alaska, its agencies, officers, employees, or agents, on account of or with relation to the termination of [his] employment in 1978 with the State of Alaska without prior leave of a judge of this Court."

We upheld such an injunction in *Wood v. Santa Barbara Chamber of Commerce,* 705 F.2d 1515 (9th Cir.1983), *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). We said:

> The doctrines of collateral estoppel and res judicata ordinarily provide adequate assurance that one court's resolution of a controversy will be respected by other courts. Nevertheless, under the All Writs Act, 28 U.S.C. § 1651, district courts do have the power to reinforce the effects of these doctrines by issuing an injunction against repetitive litigation.

*Id.* at 1524 (citing *Clinton v. United States,* 297 F.2d 899 (9th Cir.1961), *cert. denied,* 369 U.S. 856, 82 S.Ct. 944, 8 L.Ed.2d 14 (1962) ); *see also Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1034 (9th Cir.1985) (upholding similar injunction).

Review of the injunction does not stop with an assertion of power, however. The power must not have been abused. *Wood,* 705 F.2d at 1524. "Access to the courts is a fundamental tenet of our judicial system." *In re Oliver,* 682 F.2d 443, 446 (3d Cir.1982). In examining the district court's exercise of discretion, we must balance the benefits to defendants and the court from the reinforcement of the doctrines of collateral estoppel and res judicata against the costs incurred by the plaintiff and the public by closing the court to potentially meritorious claims. *See Wood,* 705 F.2d at 1524–25.

Although litigiousness alone is no reason to enjoin future litigation, *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.), *cert. denied* and *appeal dismissed,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972), frivolous claims by a litigious plaintiff may be extremely costly to defendants and can waste valuable court time. *Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir. 1980).

In view of the number of times De Nardo has forced these defendants to defend themselves on the same claim, the age of the underlying claim, and the resolution of the same issue in both federal and state courts, the district court did not abuse its discretion by enjoining future litigation over De Nardo's 1978 discharge.

The judgment dismissing De Nardo's claims is AFFIRMED. The order appealed from in No. 85–3773 is AFFIRMED. The motion by Murphy and the Alaska Public Employees Association for attorneys fees is denied.

(1980). De Nardo argues that the Alaska savings statute, Alaska Stat. § 09.10.240, allows him to file his federal action within one year of the Supreme Court's denial of certiorari in his first case.

If his interpretation were correct, we would have to allow this action as timely. *See Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 1943 & n. 17, 85 L.Ed.2d 254 (1985) (length of limitation period, tolling, revival, and application are governed by state law). The statute's one-year limit begins to run, however, upon dismissal by the trial court or reversal on appeal.

We cannot accept De Nardo's interpretation of § 09.10.240. To allow a litigant to refile an action a year after a denial of certiorari, especially when he has had judgment entered against him in trial court and the highest court in the forum state has refused to hear his appeal, would minimize the importance of finality and allow a losing plaintiff to continue to harass a defendant even after exhausting his appeal to the highest federal court. *Cf. Barrow Development Co. v. Fulton Ins. Co.,* 418 F.2d 316, 319–20 (9th Cir.1969) (§ 09.10.240 applies to dismissals without prejudice); *Atlas Enterprises, Inc. v. Consolidated Construction Co.,* 572 P.2d 68, 70 (Alaska 1977) (assuming without deciding that § 09.10.240 applies to dismissals without prejudice). We cannot agree that the traditional policies of repose meant little to the Alaska legislature.