958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rolf BETKA, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
et al., Defendant-Appellee.
 No. 91-35059.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-89-00968-OMP Owen M. Panner, Chief Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rolf Betka appeals pro se the district court's dismissal of his action against the Secretary of Health and Human Services because he failed to obtain leave of court before filing the action as required by an earlier district court order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the Fed.R.Civ.P. 41(b) dismissal of an action for failure to comply with an order of court. Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671 (9th Cir.1988). The district court has discretion to reinforce the effects of the doctrines of collateral estoppel and res judicata by enjoining repetitive litigation. Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984). To determine whether the district court has abused this discretion, "we must balance the benefits to defendants and the court from the reinforcement of the doctrines of collateral estoppel and res judicata against the costs incurred by the plaintiff and the public by closing the court to potentialy meritorious claims." DeNardo v. Murphy, 781 F.2d 1345, 1348 (9th Cir.1986).
 
 
 4
 On March 26, 1986, then District Judge Edward Leavy enjoined Betka from filing further civil actions or motions without leave of court. Betka v. Bowen, Civ. No. 84-543-LE (D.Or. Mar. 26, 1986) (order granting injunction against repetitive litigation). Judge Leavy ordered that "in seeking leave of court, Betka must certify that the claims and motions he wishes to present are new claims and motions never before raised and disposed of on the merits by any federal court." Id. On September 8, 1989, Betka filed a complaint seeking review of a Health and Human Services Appeals Council decision of June 15, 1989, and other relief. He did not certify that this claim was new.
 
 
 5
 Because Betka had filed five requests for reconsideration of the dismissal of Betka v. Bowen prior to issuance of the injunction, Judge Leavy did not abuse his discretion by requiring Betka to obtain leave of court to file future actions by certifying that they were not repetitive. See DeNardo, 781 F.2d at 1348; Betka, Civ. No. 84-543-LE (order granting injunction against repetitive litigation). Accordingly, the district court did not err by dismissing the instant action because Betka had violated Judge Leavy's earlier order. See Fed.R.Civ.P. 41(b); Moy, 906 F.2d at 469; Pejic, 840 F.2d at 671.
 
 
 6
 Betka may file civil claims and motions if he certifies that they are new claims and motions and the district court then grants him leave to file.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3