977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Nunez GARCIA, Plaintiff-Appellant,
v.
STATE OF ARIZONA; City of Phoenix, Defendants-Appellees.
 No. 92-15436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Nunez Garcia, an Arizona state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d) and enjoining him from filing further civil actions without leave of court. Garcia contends that the district court lacked jurisdiction over the action, which he had filed in Alabama district court, and erred by enjoining him from filing further actions. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's order and remand for further proceedings.
 
 
 3
 If jurisdiction is not founded solely on diversity jurisdiction, a civil action may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Here, the defendants do not all reside in the same state. The complaint makes claims based on events that occurred in Phoenix, Arizona. Accordingly, venue was proper in the United States District Court for the District of Arizona. See id.
 
 
 4
 The district court has discretion to reinforce the effects of the doctrines of collateral estoppel and res judicata by enjoining repetitive litigation. Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984). To determine whether the district court has abused this discretion, "we must balance the benefits to defendants and the court from the reinforcement of the doctrines of collateral estoppel and res judicata against the costs incurred by the plaintiff and the public by closing the court to potentially meritorious claims." DeNardo v. Murphy, 781 F.2d 1345, 1348 (9th Cir.1986). Before an injunction is entered against a plaintiff, "(1) [he] must be given adequate notice to oppose [it]; [the district court] must present an adequate record for review by listing the case filings that support its order; (3) the [district court] must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990); DeLong v. Hennessey, 912 F.2d 1144, 1147-49 (9th Cir.), cert. denied, 111 S.Ct. 562 (1990).
 
 
 5
 Here, the district court complied with the second and third requirements by listing the eight similar actions previously filed by Garcia and stating that seven of them had been dismissed as frivolous. See O'Loughlin, 920 F.2d at 617. Moreover, the district court's order, which required Garcia to certify that any future claims were new and not frivolous, was narrowly tailored to remedy his abuses. See id. Nonetheless, the district court did not give Garcia notice to oppose its pre-filing order. See id.
 
 
 6
 We therefore VACATE the district court's order and REMAND for further proceedings consistent with this memorandum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3