**Daniel R. DeNARDO, Plaintiff—Appellant,**

v.

**D.G. SMITH, et al., Defendants—Appellees,**

and

**MUNICIPALITY OF ANCHORAGE, Defendant.**

No. 01–35548.

D.C. No. CV–96–00466–a–JKS.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI and BERZON, Circuit Judges.

MEMORANDUM **

Daniel DeNardo appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging false arrest, malicious prosecution, and excessive force. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court correctly concluded that the claims against Cynthia Fellows are time-barred, *see DeNardo v. Murphy,* 781 F.2d 1345, 1346 (9th Cir.1986), and that DeNardo failed to establish any basis to toll the statute of limitations, *see Compton v. Ide,* 732 F.2d 1429, 1433 (9th Cir. 1984), *abrogated on other grounds, Agency Holding Corp. v. Malley–Duff Assocs., Inc.,* 483 U.S. 143, 148–49 (1987).

Because DeNardo's claims against defendants Richard, Walker, Clark–Weeks, and Mathis are barred by absolute immunity, summary judgment was proper. *See Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The district court properly concluded that the use of a police dog to search for an unknown suspect after hours in a darkened, deserted building is not an unreasonable seizure or excessive force, and that Officers Smith and Shore are entitled to qualified immunity. *See Watkins v. City of Oakland,* 145 F.3d 1087, 1092 (9th Cir. 1998).

DeNardo's contention that the district court abused its discretion by denying his discovery request is rejected as moot.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument, and denies DeNardo's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.