NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUMENS CO. LTD., a Korean corporation,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>GOECO LED, LLC, a California limited<br>liability company,<br><br>    Defendant-counter-claimant-<br>    Appellant. | No.    18-55221<br><br>D.C. No.<br>8:14-cv-01286-CJC-DFM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 12, 2019
Pasadena, California

Before:  KELLY,[**] PAEZ, and BADE, Circuit Judges.

This case arises out of a commercial dispute between Defendant-Appellant

GoEco LED, LLC (GoEco), a California-based dealer of LED lights and fixtures,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

and Plaintiff-Appellee Lumens Co. Ltd. (Lumens), a Korea-based manufacturer of the same. Lumens sued GoEco in 2014 following GoEco's non-payment of invoices totaling over $1 million. GoEco counterclaimed and asserted affirmative defenses. Over the course of three years, the parties filed multiple cross-motions for summary judgment. The district court ultimately granted summary judgment in Lumens's favor on nearly every issue. *Lumens Co., Ltd. v. GoEco LED LLC*, 14-01286-CJC(DFMx), 2018 WL 1942768 (C.D. Cal. Jan. 3, 2018). On appeal, GoEco argues that the district court's judgment and subsidiary rulings should be reversed so GoEco's contract and tort counterclaims for damages and punitive damages may be heard. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Because the parties are familiar with the facts and procedural background, we need not restate them here.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's grant of summary judgment de novo, construing the facts in the light most favorable to the nonmoving party. *Santopietro v. Howell*, 857 F.3d 980, 987 (9th Cir. 2017). However, "[r]ulings regarding evidence made in the context of summary judgment

are reviewed for an abuse of discretion." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). A party cannot rest on its pleadings in opposing summary judgment; "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted).

## DISCUSSION

GoEco primarily contends that because Lumens and GoEco contracted for the sale of goods, Division 2 of the Uniform Commercial Code (U.C.C.), as adopted in California, should have governed the agreement. GoEco argues in the alternative that if the U.C.C. were found not to apply to its transactions with Lumens, it provided sufficient evidence on its alleged damages to survive summary judgment. Additionally, GoEco claims that the district court erred by failing to address its affirmative defenses.

## A. U.C.C. Issue

GoEco first contends that the district court should have applied Division 2 of the U.C.C. when making its damages calculations. GoEco argues that because the 2013 Memorandum of Understanding (MOU) was a contract for the sale of goods with both exclusivity and requirements terms, the court should have applied the damage provisions of U.C.C. §§ 1-306, 2-713, and 2-715, and that doing so would

have enabled GoEco to survive summary judgment. This argument fails for several reasons.

First, the MOU is not a contract for the sale of goods and is thus not governed by the U.C.C. Where "one or more terms are left open," California will still recognize contracts for the sale of goods and use gap-filler provisions provided by Division 2, provided "there is a reasonably certain basis for giving an appropriate remedy." Cal. Com. Code § 2204(3). Here, the MOU failed to define an overwhelming majority of essential terms including the quantity, price, delivery location, shipping terms, types of goods, and payment terms. Additionally, the MOU's express language stated that these terms were to be later negotiated. ("Facts not referred [to] in this MOU will be negotiated between the parties separately from this MOU, or by incorporation into a superseding MOU.") The MOU memorialized the parties' relationship but was not itself a U.C.C.-governed contract.

Second, the MOU was not a requirements contract. "It is elementary that a requirements contract is one in which the buyer 'expressly or implicitly promises he will obtain his goods or services from the [seller] [e]xclusively.'" *Harvey v. Fearless Farris Wholesale, Inc.*, 589 F.2d 451, 461 (9th Cir. 1979) (quoting *Bank of Am. Nat'l Trust & Savs. Ass'n v. Smith*, 336 F.2d 528, 528 n.1 (9th Cir. 1964)). As such, requirements agreements impose "an obligation by the seller to use best

4                                                                                    18-55221

efforts to supply the goods." Cal. Com. Code § 2306(2). At no point did the MOU mandate that GoEco obtain the entirety of its LED light supply from Lumens — even for declared channel clients — and nowhere does GoEco show that this term was implied. As such, the agreement is not a requirements contract and Lumens was under no obligation to sell products to GoEco.

Third, the MOU did not contain exclusivity provisions. GoEco argues that the non-circumvention provision pertaining to declared channel clients was sufficient to establish exclusivity as to its clients and cites one unpublished case from the Western District of Virginia for this proposition. *Titan Atlas Mfg. Inc. v. Sisk*, Nos. 1:11CV00012, 1:11CV00068, 2011 WL 5041322 (W.D. Va. Oct. 22, 2011). However, extensive research has not revealed any like authority and the overwhelming majority of cases consider exclusivity provisions to apply only in the geographic context. As the agreement expressly stated that GoEco was authorized to seek out new clients on Lumens's behalf within the "non-exclusive territory of N[orth] America," the district court properly concluded the MOU was non-exclusive.

## B. Counterclaims and Affirmative Defenses

Under California law, a breach of contract action requires that a plaintiff show: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) damage to plaintiff resulting therefrom. *McKell v. Wash. Mut.,*

*Inc.*, 49 Cal. Rptr. 3d 227, 253 (Ct. App. 2006).  The district court properly held that there was no material dispute as to each of these four elements and Lumens was entitled to summary judgment.

Turning to the first element, all transactions between Lumens and GoEco were governed pursuant to contracts that arose from their course of dealing.  The district court erred when it found that Lumens's invoices were themselves contracts, as California does not recognize invoices as contracts, *India Paint & Lacquer Co. v. United Steel Prods. Corp.*, 267 P.2d 408, 416 (Cal. Dist. Ct. App. 1954) ("The prevailing rule is that an invoice, standing alone, is not a contract.").  Rather, contracts between the parties were formed when GoEco sent Lumens an offer, in the form of a purchase order, and Lumens accepted the offer by shipping the goods.  *See* Cal. Com. Code § 2206(1)(b) ("An order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of conforming or nonconforming goods.").  The invoices are merely evidence of the parties' contract.  This does not, however, displace the district court's analysis because the first element (the existence of a contract) is clearly met, and this court may affirm on any basis supported by the record.  *DeNardo v. Murphy*, 781 F.2d 1345, 1347 (9th Cir. 1986).

18-55221

Neither party challenges the district court's holding that the other three elements for Lumens's breach of contract claim against GoEco are met. Lumens simultaneously accepted and performed the individual contracts by shipping products ordered by GoEco, GoEco failed to pay for these products, and Lumens subsequently suffered the loss of over $1 million.

### 1. Counterclaims

GoEco counterclaimed that Lumens also breached the parties' contract and that it is owed damages on the Specialty Lighting (Specialty), DSL Energy (DSL), and Juno Lighting Group (Juno) accounts. GoEco also claims that the district court erred in granting summary judgment in favor of Lumens on GoEco's interference tort claim regarding the Topaz relationship.

#### i. Specialty

GoEco makes two claims for prospective lost profits stemming from the Specialty account. It first argues that it lost $59,729.76 in profit when Lumens refused to deliver the final two installments of a six-installment light panel order placed by Specialty unless GoEco paid for the shipments up front. Lumens claims upfront payment was necessary because GoEco failed to pay for the previous four shipments. Second, GoEco claims that Specialty's order history indicates that GoEco would have profited on future orders.

Neither lost profit claim creates a genuine issue of material fact as GoEco failed to provide the district court with sufficient evidence to calculate its net profits. A party requesting prospective lost profits "must show loss of net pecuniary gain, not just loss of gross revenue." *Kids' Universe v. In2Labs*, 116 Cal. Rptr. 2d 158, 169 (Ct. App. 2002). "Net profits are the gains made from sales after deducting the value of the labor, materials, rents, and all expenses, together with the interest of the capital employed." *Id.* (internal quotations and citations omitted). Subtracting the projected invoice total from the forward-price (the price Specialty was to pay GoEco), as GoEco advocates, provides only gross profit. The district court could find no evidence of GoEco's net profits and GoEco does not point this court to relevant evidence on appeal. As such, we affirm the district court's grant of summary judgment in favor of Lumens on GoEco's prospective lost profit damages regarding Specialty.

ii. DSL, Juno, and Topaz

GoEco next argues that a genuine issue of material fact exists on whether it is entitled to damages stemming from the DSL account. It claims that because of defective lighting tubes sent by Lumens to DSL, it should be able to recoup damages for: (1) lost time and effort in addressing the problems; (2) the refund it paid to DSL as a result of the problems, and related expenses; and (3) expected lost profits from the DSL account. These claims warranted summary judgment for

similar reasons as those discussed above; namely, GoEco did not provide specific information pertaining to the amount of damages it claims and, instead, told the court that it would provide this information at trial.

The same analysis applies to GoEco's claim for punitive damages on the Juno account as GoEco failed to provide any data supporting its claims for $250,000 in lost profits. As the only evidence provided by GoEco pertaining to this claim stems from its principal's conclusory testimony[1] — which lacked necessary facts and data — the district court properly granted summary judgment in Lumens's favor.

GoEco also argues that it is entitled to a trial on its claim for damages due to Lumens's interference with its contemplated supplier relationship with Topaz. After Lumens ceased fulfilling GoEco's purchase orders, GoEco discussed

---

[1] Throughout its briefing both on appeal and in the district court, GoEco relies primarily on the testimony of its two principals, Niki Chae and Darren Bordelon, in attempting to prove damages. In almost every instance, the principals fail to provide sufficient information to enable the court to make a reasonable estimation of damages as required under Federal Rule of Evidence 702. This court recognizes that a "district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). However, a district court may disregard a self-serving declaration when, as here, the declaration "states only conclusions and not facts that would be admissible evidence." *Id.* Here, the district court properly found that both the "Bordelon Report" and "Chae Report" were conclusory in nature as they failed to provide the necessary facts and data that it required to calculate damages and thus were insufficient to create a genuine issue of material fact. *See id.*

sourcing panels directly from Topaz, the lighting company that manufactured Lumens's LED panels, for the Specialty account. However, GoEco admits that it would not have profited from the proposed relationship on the first few shipments — those meant to complete Specialty's six installment order — as Topaz would facilitate the sales directly. GoEco provides no concrete evidence, beyond conclusions of its principals, that the relationship with Topaz would have continued and eventually yielded a profit for GoEco. Accordingly, GoEco fails to show prospective lost profits; summary judgment in favor of Lumens was warranted and Lumens's purported conduct is thus inconsequential.

### iii. Investment damages

GoEco also argues that it is entitled to a trial on lost investment damages. These damages are also speculative in nature. GoEco does not provide specific evidence of the cost of the "substantial time, effort, and expense" it incurred in readying itself to sell Lumens's products. Moreover, it provides no evidence that these investments were made at the request of Lumens or pursuant to any agreement between the parties.

### 2. *Affirmative Defenses*

GoEco contends that the district court incorrectly disposed of its affirmative defenses. We disagree. It was incumbent on GoEco to raise these affirmative defenses in response to Lumens's motion for partial summary judgment on its

contract claims and support them with evidence.  Of course, GoEco would have the burden of production and persuasion as to any of its affirmative defenses.  Lumens was not required to negate GoEco's affirmative defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Merely citing to the allegations in the pleadings on appeal is insufficient.  There is no error.

**AFFIRMED.**