**THE JOHN AKRIDGE COMPANY,**
**et al., Plaintiffs,**

**v.**

**THE TRAVELERS COMPANIES,**
**Defendant.**

**Civil Action No. 96–00173 (SS).**

United States District Court,
District of Columbia.

Nov. 6, 1996.

Mark Edward Futrovsky, Futrovsky & Associates, Chartered, Bethesda, MD, for The John Akridge Company, 1015 Fifteenth Street N.W. Associates Limited Partnership, 1090 Vermont Avenue Associates Limited Partnership, 919 Eighteenth Street N.W. Associates Limited Partnership, 1667 K Street N.W. Associates Limited Partnership, 1225 "Eye" Street N.W. Associates Limited Partnership.

Francis Joseph Nealon, Ballard, Spahr, Andrews & Ingersoll, Washington, DC, for The Travelers Companies.

*MEMORANDUM OPINION & ORDER*

SPORKIN, District Judge.

On May 29, 1996, the Court issued an Order dismissing this case, granting defendant's request for sanctions against plaintiffs

and ordering defendant to file a statement of attorneys' fees. This matter is now before the Court on defendant's bill of costs and plaintiffs' objections thereto. Parties have also briefed the Court on its authority to impose sanctions.

### Background

On December 28, 1992, plaintiffs filed suit against the defendant in this Court (Civil Action No. 92–2880). That suit was dismissed on July 24, 1995 and is now on appeal before the United States Court of Appeals for the District of Columbia Circuit. Despite the pendency of that appeal, Plaintiffs filed a second suit, based on the same underlying set of facts, in the Circuit Court for Montgomery County, Maryland. That suit was removed to the U.S. District Court for the District of Maryland, and ultimately transferred back to this Court.

In its May 30 Order dismissing this case, this Court concluded that Plaintiffs "filed an improper lawsuit" and "caused precious legal resources to be spent in the litigation of a baseless lawsuit." The defendant now asks the Court to award it attorneys' fees for all of its work on this case, up to and including litigation of the instant motion. Specifically, defendant lists the following actions it had to take to defend this suit: (1) remove the case from Montgomery County to the U.S. District Court for the District of Maryland; (2) draft and file an answer; (3) attend a scheduling conference in Maryland; (4) oppose a petition for remand to Maryland; (5) draft a Rule 11 motion based on the remand petition; (6) transfer the case from the Maryland court to this Court; (7) oppose a motion to alter or vacate the transfer; (8) draft and prosecute a motion to transfer this case from Judge Norma Holloway Johnson to this Court; (9) oppose a motion to remand; (10) oppose a motion to compel arbitration; (11) draft and prosecute a motion to dismiss and for sanctions; (12) file bill of costs and brief sanctions issue. The total costs incurred are $25,756.58.

### Analysis and Decision

■ A Court has inherent power to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). This power is consistent with, and not displaced by, the existence of Fed.R.Civ.Pro. 11 and 28 U.S.C. § 1927 which set up specific procedures for imposing sanctions. *Id.* at 46–47, 111 S.Ct. at 2133–34; *United States v. Wallace,* 964 F.2d 1214, 1218 (D.C.Cir.1992). It is settled, however, that unlike Rule 11 and, arguably, unlike 28 U.S.C. § 1927, "a finding of bad faith is required for sanctions under the court's inherent powers." *Wallace,* 964 F.2d at 1219.

■ In *Wallace,* the Court held that a lawyer's negligence in failing to subpoena witnesses did not amount to "bad faith" because the lawyer did not *intentionally* delay proceedings. In this case, there is no question that the Plaintiffs filed the instant suit with the specific intent of circumventing this Court's dismissal of its earlier suit. As the U.S. District Court for the District of Maryland recognized, plaintiffs attempted "to engage in blatant forum shopping" by filing the suit in Maryland after they lost before this Court. Defendant's April 11, 1996 Motion to Dismiss at 3. Furthermore, when the defendant moved to have this case removed to federal court, then transferred to this district, and then transferred from Judge Johnson to this Court, plaintiffs tried to stop them at every turn. Clearly the reason for plaintiffs' resistance to removal and transfer was their knowledge that once the case made its way back to this Court, it would be immediately dismissed. Such behavior is not acceptable. This Court finds that Plaintiffs did act in "bad faith" by filing this suit with the intent to improperly circumvent the Court's ruling in their previous case, and accordingly, this Court will exercise its inherent power to sanction them for that conduct.

In arriving at an appropriate sanction, the Court agrees with defendant that plaintiffs should reimburse the full cost of defending this action. Plaintiffs do not dispute the billing rate used by defendant to reach the figure $25,756.58. Accordingly, it is hereby

**ORDERED** that plaintiffs shall pay to the defendant attorneys' fees in the amount $25,756.58.